JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-CV-06121-RGK-AGR | Date | July 15, 2020 |
|---|---|---|---|
| Title | *GADDIEL SANDOVAL et al v. FCA US LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Order Remanding Action to State Court**

On June 1, 2020, Gaddiel Sandoval and Jose Sandoval dba Clear All Rooter Corporation ("Plaintiff") filed a Complaint against FCA USA LLC ("Defendant") alleging violations of the Song-Beverly Warranty Act and the Magnuson-Moss Warranty Act.

On July 9, 2020, Defendant removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. A federal question claim brought under the Magnuson-Moss Warranty Act also requires that the amount-in-controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B).

After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his complaint, Plaintiff seeks damages, including compensatory damages, restitution, statutory remedies, as well as attorneys' fees and costs. In support of its removal, Defendant states that Plaintiff's 2017 purchase of a Dodge Ram Promaster totaled $47,508.80, after taxes and financing. Defendant then states that based on the numbers provided by Plaintiffs' Sales Contract and repair orders, the amount of

Case 2:20-cv-06121-RGK-AGR  Document 10  Filed 07/15/20  Page 2 of 2  Page ID #:142

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-CV-06121-RGK-AGR | Date | July 15, 2020 |
|---|---|---|---|
| Title | ***GADDIEL SANDOVAL et al v. FCA US LLC*** | | |

potential damages, not including attorneys' fees, is $73,145.67, which includes $48,763.78 in civil penalties under the Song-Beverly Act.

While the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, this amount must be reduced to account for any use by plaintiff prior to the first repair of the vehicle. *See Tokmakova v. Volkswagen Group of America, Inc.*, 2012 WL 12952629, at * 2–3. Here, Defendant sets forth $24,381.89 as actual damages, indicating that Defendant may have accounted for actual amount paid and miles driven. However, Defendant does not provide support for its calculation. Therefore, the Court is left with considerable doubt as to actual damages. *Accord Tokmakova*, 2012 WL 12952629, at *3. Even if the Court accepted Defendant's estimate as accurate, Defendant still fails to demonstrate that the amount in controversy has been met.

As Defendant points out, Plaintiff would be entitled to civil penalties and attorneys' fees if the action succeeds. However, the Court finds that Defendant's inclusion of these amounts is similarly deficient. As to attorneys' fees, the Court finds that Defendant has not carried its burden of showing by a preponderance of the evidence the amount of future attorneys' fees. At best, Defendant has provided only speculation. As to civil penalties, Defendant has not offered any evidence to support such an award.

Accordingly, the Court is not satisfied that Defendant has satisfied their burden of showing by a preponderance of the evidence, that either the $50,000 or $75,000 amount in controversy meets the jurisdictional requirements.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____

CV-90 (06/04)                    **CIVIL MINUTES - GENERAL**                    Page 2 of 2